IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

PANAMAX INTERNATIONAL SHIPPING
COMPANY, LTD.,

      Plaintiff,

v.

PETROLEA OIL CORPORATION,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Panamax International Shipping Company, Ltd. ("Panamax International"), by its undersigned attorneys, Clyde & Co US LLP, complaining of the Defendant Petrolea Oil Corporation ("Petrolea") herein, alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves a claim for breach of a maritime contract for the charter of a vessel.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 since Petrolea's principal place of business is within this District.

## THE PARTIES

3. At all relevant times, Plaintiff Panamax International was and now is a corporation duly organized and existing under and by virtue of the laws of the Marshall Islands, and was the Disponent Owner and/or Time Charterer of the M/T OVERSEAS VISAYAS (the

"Vessel") among various ports of the world in the ocean carriage of goods by water for hire, including ports in the United States.

4. At all relevant times, Defendant Petrolea was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Florida, with an office and place of business at 1867 N.W. 97th Avenue, Doral, Florida 33172, and was the Voyage Charterer of the Vessel.

5. At all material times, Petrolea was and now is authorized to conduct business in this District and has consented to the jurisdiction of this Honorable Court.

## FIRST CAUSE OF ACTION:
## BREACH OF MARITIME CONTRACT

6. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-5 herein with the same force and effect as if set forth at length.

7. By the Final Recap and incorporated attachments dated October 21, 2016 (the "Voyage Charter"), Panamax International, as Disponent Owner, chartered the Vessel to Petrolea for the carriage of a cargo of Mesa 30 crude oil from La Salina, Maracaibo Lake, Venezuela (the "Loading Port") to "1-2 SP (S) INCLUDING [SHIP-TO-SHIP] LOCATIONS MALAYSIA (TANJUN PELEPAS – LINGGI RANGE)" (the "Discharge Port"). (A true and accurate copy of the Final Recap and incorporated attachments constituting the terms and conditions of the Voyage Charter is attached as Exhibit A hereto).

8. The Voyage Charter provides a loading window for the subject cargo of October 29, 2016, to October 31, 2016, and allowed thirty-six hours of laytime at the Loading Port.

9. Pursuant to the Voyage Charter, Petrolea was obligated to pay Panamax International freight in the amount of "LUMP SUM USD 2,275,000 BASIS 1 TO 1 'ALL INCLUSIVE' EXCEPT MARACAIBO LAKE CLAUSE STATED HEREIN."

10. The Voyage Charter obligates Petrolea to pay freight in advance prior to commencement of discharge of the cargo.

11. The demurrage rate for the subject voyage was set at $22,500 per day, pro rata.

12. The Voyage Charter also obligates Petrolea to pay any demurrage at the Loading Port within ten calendar days after the Vessel departs the Loading Port.

13. The Voyage Charter also provides that "ANY TIME AND/OR DEMURRAGE ON ACCOUNT OF DELAYS IN OWNERS NOT RECEIVING ANY PAYMENTS (IE. FREIGHT, ADVANCED DEMURRAGE) DUE UNDER THE C/P BEFORE COMMENCEMENT OF DISCHARGING, AND ANY EXPENSES/COSTS FOR UNBERTHING/REBERTHING DUE TO ABOVE MENTIONED DELAYS, WILL BE FOR [CHARTERER'S] ACCOUNT."

14. The Voyage Charter also includes a "MARACAIBO LAKE CLAUSE" which provides in relevant part that "ANY DELAY WITHIN THE LAKE FOR REASONS BEYOND OWNERS' CONTROL TO BE FOR CHARTERERS ACCOUNT."

15. The Voyage Charter also provides in relevant part: "CHARTERERS HAVE AGREED TO PAY UPFRONT WITHIN 24 HRS AFTER LIFITING ALL SUBS AN AMOUNT EQUIVALENT TO USD 300,000.00 TO OWNERS DESIGNATED BANK ACCT IN THIS CP.  THIS AMOUNT WILL BE DEDUCTED AT SOURCE BY CHARTERERS AGAINST FINAL FREIGHT PEYMENT [sic]."

16. Pursuant to the Voyage Charter, on or about October 25, 2016, Petrolea made two wire transfers to Panamax International's agent in the amount of $150,000 each from bank accounts with Wells Fargo Bank, N.A. owned by, or being held for the benefit of, Petrolea and one or more of its agents, servants and/or employees.

17. The Voyage Charter further provides:

> (2) OWNERS ARE CHARTERING THE VESSEL TO "PETROLEA OIL CO" IN GOOD FAITH ASSUMING THERE IS A CLEAR, LEGAL & STANDARD TRADITION OF THE ORIGIN OF THE CARGO TO BE LOADED ON BOARD.  ANY DISPUTE BETWEEN SUPPLIERS PDVSA & "PETROLEA OIL CO" AS OF THE TRADITION OF THE CARGO FOR REASON BEYOND OWNERS' CONTROL WILL GIVE OWNERS THE

3

>    RIGHT TO REMAIN HARMLESS & TO IMMEDIATELY TERMINATE THE CP WITHOUT FURTHER OBLIGATIONS."

18. The BIMCO Anti-Corruption Clause incorporated in the Voyage Charter provides in relevant part:

>    (d) If either party fails to comply with any applicable anti-corruption legislation it shall defend and indemnify the other party against any fine, penalty, liability, loss or damage and for any related costs (including, without limitation, court costs and legal fees) arising from such breach.
>
>    (e) Without prejudice to any of its other rights under this Charter Party, either party may terminate this Charter Party without incurring any liability to the other party if
>
>    (i) at any time the other party or any member of its organisation has committed a breach of any applicable anti-corruption legislation in connection with this Charter Party; and
>
>    (ii) such breach causes the non-breaching party to be in breach of any applicable anti-corruption legislation.
>
>    Any such right to terminate must be exercised without undue delay.

19. On or about October 30, 2016, the Vessel arrived at the customary anchorage at the Loading Port and tendered its Notice of Readiness.

20. On or about November 2, 2016, the Vessel and her crew were detained prior to loading the subject cargo at the Loading Port by the National Guard of Venezuela due to the failure by Petrolea to present the proper and legal documents required by the Venezuelan authorities to export the Mesa 30 crude oil cargo from the Loading Port.

21. The Vessel and her crew remain detained in Venezuela as a result of Petrolea's inability to obtain authorization to load and export the cargo of crude oil.

22. Petrolea's failure to load the subject cargo at the Loading Port constituted a material breach of Petrolea's obligations under the Voyage Charter, and Panamax International has suffered damages as a result, including the detention of the ship and its crew.

23. The Voyage Charter provides that all disputes between Panamax International and Petrolea are to be resolved by arbitration in Houston, Texas in accordance with the Federal Maritime Law of the United States. Petrolea has expressly agreed to waive its right to arbitrate Panamax International's claims in Houston, Texas.

24. Petrolea has also expressly agreed to appear in this action to defend Panamax International's claims arising from Petrolea's material breach of the subject Voyage Charter which include, but are not limited to, claims for unpaid freight and demurrage, other damages and expenses incurred by Panamax International due to the detention of the Vessel in Venezuela, plus interest, costs and attorneys' fees.

25. Panamax International brings this action on its own behalf and on behalf of all others who may be interested as their interests may ultimately appear.

26. All conditions precedent required of Panamax International have been performed.

27. By reason of the premises, Panamax International (and those on whose behalf this suit is brought) have sustained damages in an amount in excess of $4,405,000, plus interest, costs and attorneys' fees, as nearly as the same can now be estimated, no part of which has been paid. Panamax International reserves its right to increase this amount, should its losses and damages ultimately be in excess thereof.

28. The losses sustained by and sought to be recovered herein by Panamax International were not caused or contributed to by any fault, negligence or want of care on the part of Panamax International, but were caused or contributed to by the fault, negligence and want of care on the part of Petrolea, its agents, servants and employees.

29. All and singular the premises are true, and within the Admiralty and Maritime Jurisdiction of the United States and of this Honorable Court.

**WHEREFORE,** Plaintiff prays that this Honorable Court:

> 1. Enter judgment in the sum of $4,405,000 in favor of Plaintiff and against the Defendant, together with interest, costs and attorneys' fees;

2. That process in due form of law according to the practice of this Court may issue against the Defendant, citing the Defendant to appear and answer the foregoing, failing which a default will be taken against the Defendant for the principal amount of the claim of $4,405,000, plus interest, costs and attorneys' fees; and

3. That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: February 22, 2017

By: s/Daniel R. Lever
Daniel R. Lever, Esq. (Florida Bar No. 44485)
E-Mail: dan.lever@clydeco.us
Clyde & Co. US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida, 33132
Telephone: (305) 446-2646
Facsimile:  (305) 441-2374
Attorneys for Plaintiff
PANAMAX INTERNATIONAL SHIPPING COMPANY, LTD.